TOWN OF MONTCLAIR, DEFENDANT IN ERROR, v. THOMAS
AMEND, PLAINTIFF IN ERROR.

Submitted July 6, 1906—Decided March 1, 1909.

1. A court of review will not reverse a judgment upon points not
taken, or matters not raised in the court in which it was rendered.
2. As a general rule, when the judgment of a lower court is under
review, the judgment of the reviewing court should be one of
affirmance or reversal, and this is so without regard to whether
the judgment of the lower court is brought up by *certiorari* or by
writ of error.

On error to the Supreme Court.

For the plaintiff in error, *Frank E. Bradner.*

For the defendant in error, *Robert M. Boyd, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, Amend,
was convicted before a magistrate of the town of Montclair
of the violation of an ordinance of that town which pro-
hibited "the removal of any wooden building or structure
from without to within the fire limits." This conviction was
affirmed, on appeal, by the Court of Common Pleas of Essex
county. A *certiorari* was then sued out of the Supreme Court
to review the judgment of the Common Pleas. On the return
of the writ, and the hearing thereon, the Supreme Court,
finding no error in the judgment which it was reviewing,
directed that the *certiorari* be dismissed. The present writ
of error is sued out to contest the validity of the Supreme
Court's order.

The contention made before us is that the judgment of the
Supreme Court is erroneous in that it did not direct a reversal
of the judgment of the Court of Common Pleas, for reasons
set out in the assignments of error filed in this court. Some

of the reasons contained in these assignments were submitted to the Supreme Court as grounds for reversing the judgment of the Common Pleas; others were not. So far as the assignments of error that present questions which were brought to the attention of the Supreme Court are concerned we find them to be without merit, and for the reasons stated in the opinion of Justice Minturn speaking for that court. Those assignments which present questions not raised by the reasons filed in the Supreme Court we have not considered, for this court will not reverse the judgment of an inferior tribunal upon points not taken, or matters not raised, in the court below. *Delaware, Lackawanna and Western Railroad Co.* v. *Dailey,* 8 *Vroom* 526; *Trent Tile Co.* v. *Fort Dearborn National Bank,* 25 *Id.* 599.

The judgment of the Supreme Court will be affirmed.

We deem it proper to add that we are not, by our affirmance of this judgment, to be considered as approving its form. As we have stated, it directs a dismissal of the writ of *certiorari.* As a general rule, when the judgment of a lower court is under review in an appellate tribunal, the judgment of the reviewing court should be one of affirmance or of reversal, and this is so without regard to whether the judgment of the lower court be brought up by *certiorari* or by writ of error. But, as the form of the present judgment has not been made the subject of an assignment of error, we are not called upon to consider it.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.    13.

*For reversal*—None.